JWB

1
2
3
4
5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Jarian Tarryl Roya,                    )   No. CV 1-08-1424-JAT
                                           )
10              Plaintiff,                  )   **ORDER**
                                           )
11   vs.                                    )
                                           )
12   Steffen Scott, et al.,                 )
                                           )
13              Defendants.                 )
    _____)

14

15        Plaintiff Jarian Tarryl Roya, who is confined in the Deuel Vocational Institution in

16   Tracy, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in

17   the Northern District of California (Doc. # 1).  In a September 23, 2008 Order, United States

18   District Judge Phyllis Hamilton ordered the case transferred to the Fresno Division of this

19   Court (Doc. # 4).  This case was reassigned to the undersigned judge on November 25, 2008

20   (Doc. # 14).  The Court will dismiss the Complaint and this action.

21   **I.    Statutory Screening of Prisoner Complaints**

22        The Court is required to screen complaints brought by prisoners seeking relief against

23   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

25   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

26   be granted, or that seek monetary relief from a defendant who is immune from such relief.

27   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

28

1  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
2  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
3  (*en banc*).   Plaintiff's Complaint will be dismissed without leave to amend because
4  amendment will be futile.

5  **II.    Complaint**

6     In his Complaint, Plaintiff names Judge Steffen Scott, defense attorney Mitchell Scott,
7  and Stanislaus County as Defendants.  Plaintiff alleges that Defendants violated his right to
8  a speedy trial his attorney sought and the judge granted a continuance in his criminal case.
9  Plaintiff further claims that his defense attorney lied to the judge to obtain the continuance.
10  Plaintiff seeks monetary damages.

11  **III.    Failure to State a Claim - Improper Defendants**

12     **A.    Judge Steffen Scott**

13     Judges are absolutely immune from § 1983 suits for damages for their judicial acts
14  except when they are taken "in the clear absence of all jurisdiction."  Stump v. Sparkman,
15  435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  An
16  act is "judicial" when it is a function normally performed by a judge and the parties dealt
17  with the judge in his or her judicial capacity.  Stump, 435 U.S. at 362; Crooks v. Maynard,
18  913 F.2d 699, 700 (9th Cir. 1990).

19     This immunity attaches even if the judge is accused of acting maliciously and
20  corruptly, Peirson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or
21  procedure.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); see also Ammons
22  v. Baldwin, 705 F.2d 1445, 1446-48 (11th Cir. 1983) (judge entitled to immunity from a
23  claim that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-
24  78 (9th Cir. 1989).  Here, it is transparent that Plaintiff's complaint centers around acts for
25  which Defendant Steffen Scott is entitled to judicial immunity.  As a result, Steffen Scott will
26  be dismissed.

27  ///
28  ///

1

### B.     Attorney Mitchell Scott

2       A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant

3   has acted under the color of state law.  Whether an attorney representing a criminal defendant

4   is a public defender, court-appointed counsel, or private counsel, he or she does not act under

5   color of state law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).   Therefore,

6   Plaintiff's civil rights claims against Scott must fail unless Plaintiff can set out facts showing

7   a conspiracy between his counsel and state officials to deny him the right to adequate

8   representation under the Sixth Amendment.  However, to the extent he might be able to do

9   so, Plaintiff's claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994),

10  because violation of the Sixth Amendment right to counsel in a criminal proceeding  would

11  necessarily imply the invalidity of Plaintiff's conviction.  Accordingly, Mitchell Scott will

12  be dismissed for failure to state a claim.

13

### C.     Stanislaus County

14      Plaintiff has also named Stanislaus County on the face of his Complaint, but does not

15  provide any facts to support his claim against it.  A municipality may not be held liable

16  unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant

17  County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v.

18  Department of Social Services, 436 U.S. 658, 694 (1978).  Thus, a municipality may not be

19  sued solely because an injury was inflicted by one of its employees or agents.  Long v.

20  County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is

21  liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.;

22  Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).  Thus, a § 1983 claim

23  against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1)

24  contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's

25  alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.

26  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal

27  defendant pursuant to FED. R. CIV. P. 12(b)(6)).  Plaintiff has not alleged a policy or custom

28

1   enacted by Stanislaus County that caused a deprivation of Plaintiff's constitutional rights.

2   Therefore, Stanislaus County will also be dismissed for failure to state a claim.

3   **IV.     Dismissal without Leave to Amend**

4          Leave to amend need not be given if a complaint as amended is subject to dismissal.

5   <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989).  Where amendment

6   would be futile, there is no reason to prolong litigation by allowing further amendments.

7   <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir.2002);  <u>Klamath-Lake</u>

8   <u>Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir.1983)

9   (futile amendments should not be permitted).

10          The Court finds that in light of Plaintiff claims against individuals who are absolutely

11   immune from suit, any amendment would be futile.  The Court will therefore dismiss the

12   Complaint and this action without leave to amend.

13   **IT IS ORDERED:**

14          (1)     The Complaint (Doc. # 1) is **dismissed** for failure to state a claim pursuant to

15   28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

16          (2)     The Clerk of Court must make an entry on the docket stating that the dismissal

17   for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

18          DATED this 2nd day of March, 2009.

19

20

21          _____
                    James A. Teilborg
22                  United States District Judge

23

24

25

26

27

28